UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Robert H. Beach

                        Plaintiff,          06-CV-104

            v.                              **DECISION
                                            and ORDER**

MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                        Defendant.
_____


## INTRODUCTION

        Plaintiff Robert H. Beach ("Plaintiff") brings this action
pursuant to the Social Security Act § 216(I) and § 223, seeking
review of a final decision of the Commissioner of Social Security
("Commissioner"), denying his application for Disability Insurance
Benefits and Supplemental Security Income ("SSI") payments.
Specifically, Plaintiff alleges that the decision of Administrative
Law Judge ("ALJ") David J. Kozma denying his application for
benefits was not supported by substantial evidence contained in the
record and was contrary to applicable legal standards.

        The Commissioner moves for judgment on the pleadings pursuant
to Fed. R. Civ. P. 12 (c)("Rule 12 (c)"), on grounds that the ALJ's
decision was supported by substantial evidence.  Plaintiff opposes

_____

[1] Michael J. Astrue became the Commissioner of Social Security on
February 12, 2007.  Pursuant to Rule 25 (d) (1) of the Federal
Rules of Civil Procedure, Michael J. Astrue is substituted for
his predecessors Commissioner JoAnne B. Barnhart as the proper
defendant in this suit.

the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous.  The court finds that the decision of the Commissioner contains legal error and, therefore, is remanded for the reasons stated in this decision.

## BACKGROUND

On August 7, 2002, Plaintiff, at that time 48 years-old, filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits under Title II, § 216(I) and § 223 of the Social Security Act claiming an inability to work since November 1, 2001,[2] due to back problems and pain.  Plaintiff met the nondisability requirements set forth in § 216(I) of the Social Security Act and was insured for disability benefits through the date of the decision, July 14, 2004.  Plaintiff's applications were denied by the Social Security Administration ("the administration") initially on December 27, 2002.  Plaintiff then filed a timely request for a hearing on January 10, 2003.

Thereafter, Plaintiff with counsel, appeared before ALJ Kozma on May 19, 2004.  In a decision dated July 13, 2004, the ALJ determined that Plaintiff was not disabled at any time through the date of his decision.  The ALJ's decision became the final decision

---

[2] The record dates the disability as November 5, 2001 whereas the ALJ dates the disability as of November 1, of 2001.  While noting this inconsistency, it does not affect the outcome of this decision.

2

of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on December 28, 2005.  On December 15, 2006, Plaintiff filed this action.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938).  Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo).  The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).  The Commissioner asserts that his decision was

3

reasonable and is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.   **The ALJ Improperly Evaluated the Medical Opinions in the Record**

In his decision, the ALJ concludes that "In fact, the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual."[3]   (Tr. 22). That statement is unsupported by any medical evidence in the record. The record reveals that plaintiff was taking the following pain medications: Indomethacin, Hydrocodone, Oxycotin, Amitriptyline, Soma, Elavil, Vicodin, Lortab, and Cairsoprdol.  In a report dated January 9, 2002 to Dr. Berke, Dr. John L. O'Donnell concluded that

---

[3]The plaintiff need not establish "total disability" to support a claim for benefits under the Act.  Indeed, it is well established that "a claimant need not be an invalid to be found disabled" under the Social Security Act.  Williams v. Bowen, 859 F.2d 255, 260 (2d cir. 1988).  The ALJ's choice of "total disability" raises the possibility that the ALJ was imposing an improper standard on the plaintiff's burden of proof.

"from the patient's history, his symptoms are not improving.  I continue to feel from findings today that he is not an operative candidate and I would continue to emphasize non-operative care. "  He also opined that the claimant's level of disability appeared to be approximately <u>moderate</u> in degree but he would defer to Dr. Berke ". . . on this [issue] as he follows the patient more closely than I."

In his hearing testimony, the plaintiff stated that he was advised by an orthopedic surgeon that surgery "would probably make it worse than what, make it worse than it is now.  There is much they can do, they just have to deal with it and just keep jacking up the medicine as I go."  (Tr. 210).  He tried acupuncture, chiropractic treatment, physical therapy, and had over 30 injections in his neck "and he [the doctor] wouldn't give me no more because he said I had too many.  And it would cause the bulge to start to deteriorate which is happening now."  (Tr. 210).  The ALJ's conclusion that although the claimant was taking various pain medications, that in and of itself did not establish his disability since he was not receiving the type of medical treatment "one would expect for a totally disabled individual."  (Tr. 22).  An ALJ, as a lay person, is not competent or qualified to make a medical determination not substantiated by medical evidence in the record. <u>Balsamo v. Chater</u>, 142 F.3d 75, 80 (2d Cir. 1998); <u>McBrayer v. Secretary of Health and Human Services</u>, 712 F.2d 795, 799 (2d. Cir.

1983).

The ALJ's conclusion that "the claimant has never undergone surgery" (Tr. 22) read in conjunction with his conclusion regarding the level of treatment plaintiff was receiving misinterprets the opinion of plaintiff's treating physician.   That statement could convey the impression that the claimant was not helping himself - that he was refusing surgery when that option was being afforded to him which would improve his condition.   The record does not support that conclusion.   The ALJ apparently ignored the opinion of plaintiff's treating physician, Dr. John O'Donnell, who stated that plaintiff "is not a surgical candidate and that the claimant's symptoms are not improving" and that non-operative care should be continued.   (Tr. 188).   Claimant's testimony at his hearing was consistent with the doctor's opinion.

### The ALJ Committed Legal Error and the Case Should Be Remanded

In the instant case, I find that the ALJ committed legal error in making a medical determination not substantiated by medical evidence in the record.   Nowhere in the record is there support for the ALJ's conclusion that "the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual."   (Tr. 22).   That statement followed by "the claimant has never undergone surgery" would convey the impression that the claimant was not helping himself - that he has refused surgery when that option is afforded to him and could improve his

condition.  The record does not support that conclusion.

The matter should be remanded to afford the plaintiff the opportunity to clarify the troubling ambiguity inferred from the ALJ's conclusions.  See Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles."  In addition, the case is also remanded on the question of whether the opinion of plaintiff's treating physician is entitled to controlling weight pursuant to 20 C.F.R. § 416.927.  Here, the ALJ chose instead to give the State Agency medical consultant's opinion, based on a single examination, controlling weight.

For the reasons set forth above, I deny defendant's motion for judgment on the pleadings, and remand this case to the Commissioner for a new administrative hearing and further development of the medical record.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
Michael A. Telesca
United States District Judge

DATED: June 10, 2008
       Rochester, New York